**Joan H. FRIEDBERG et al., Appellants,**

v.

**Jean S. FRIEDBERG, Appellee.**

Court of Appeals of Kentucky.

March 25, 1960.

J. Walter Clements, Louisville, for appellants.

John P. Sandidge, Robert P. Hobson, Robert C. Hobson, Louisville, for appellee.

CLAY, Commissioner.

Appellant brought suit against her husband for divorce on the ground of cruel and inhuman treatment. On the husband's counterclaim a divorce was granted to him. However, the wife was awarded $5,000 lump sum alimony, $175 per month until she remarries, and $160 a month for maintenance of her infant daughter. She contends on this appeal (1) the alimony and maintenance awards were inadequate, (2) the allowed attorney's fee of $3,250 was inadequate, and (3) the Chancellor should have permitted her to file an amended complaint.

The parties were married in 1949 and lived together approximately six years. They had one child in 1950. The husband had been married before and had two boys by the former marriage. These boys lived with the parties, and they played some part in the disruption of the marriage.

The husband was a successful businessman and furnished his wife with a fine home, automobile, maids, good clothes, and other luxury items. He traveled a good deal, and this left the wife with a substantial responsibility for raising a family of three small children. The voluminous evidence in the case indicates that the wife had difficulty coping with this responsibility. Her relationships with her two stepchildren were at times strained. Unfortunately, incidents involving her mother-in-law and other relatives of her husband at times arose.

In 1952 she showed psychoneurotic symptoms and underwent medical treatment. This condition seems to have been alleviated, but there is substantial evidence in the record that the wife lacked maturity in the handling of domestic problems and at times exhibited emotional reactions which impaired the peace and harmony of the household.

This is a fact case. The Chancellor adopted in substance a lengthy report of the court commissioner and found the acts of the wife constituted cruelty in the legal sense, justifying the award of a divorce to the husband. The findings of fact were adequately supported by the evidence, and we are unable to find wherein they were erroneous, much less clearly erroneous. CR 52.01.

■ It is apparently the wife's contention that the Chancellor should have accepted her testimony that she was not at fault, should have found the greater fault was that of the husband, and therefore should have awarded her more bountiful alimony and maintenance, as if she had been granted the divorce.

The wife lays great stress on three incidents of alleged physical violence upon her person by the husband. Even taking her own testimony, these incidents do not constitute corporal punishment which we could classify as cruel or brutal physical treatment. On the other hand, as found by the Chancellor, the slight physical violence upon which the wife lays so much stress was provoked by the wife.

In her brief the wife elaborates on a number of trivial incidents which arise in any normal household. She fails to show, even by her own testimony, that her husband was greatly at fault or that she was free from fault. Ignoring the testimony of both the husband and the wife, the other evidence in the case amply supports the Chancellor's findings.

Under the circumstances shown by this record, the alimony and maintenance awards are not inadequate, and certainly the Chancellor did not abuse his discretion.

■ The wife's attorney contends that the allowance of $3,250 for his services, payable by the husband, is wholly inadequate. This is a matter resting in the sound discretion of the Chancellor. We recognize it is rare indeed that attorneys for either party in a vigorously contested divorce suit are adequately compensated for the unusual services that must be rendered in such litigation.

In this case there was testimony of qualified attorneys which would justify a larger fee. On the other hand, there are considerations other than the abstract value of the services which must be taken into account by the Chancellor in fixing a fee for the wife's attorney in a divorce suit. It is evident from the Chancellor's opinion that he carefully considered this problem. We find no abuse of discretion in this allowance.

■ Finally the wife contends the Chancellor erroneously denied her the right to file an amended complaint setting forth adultery as a supplemental ground of divorce. This amended pleading was offered almost two years after the suit was filed, and more than two years after the husband and wife had separated. It was offered after extensive proof in the case had been completed and the commissioner had filed his report adverse to the wife. The matters raised in the amended complaint involved alleged occurrences subsequent to the separation of the parties and had no relationship to the original cause of divorce.

As the Chancellor observed, there must be an end to litigation at some time. He exercised a sound discretion in rejecting this pleading, which was not only belated but undertook to initiate an entirely new lawsuit.

Kivett v. Kivett, Ky., 312 S.W.2d 884, upon which the wife relies, is distinguishable in several respects, but principally on

the ground that the newly discovered evidence in that case related to incidents occurring prior to the separation of the parties and concerned the cause of divorce involved in the original proceeding. We find no error in the judgment or proceedings.

The judgment is affirmed.